UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY GRANT FRYE,

　　　　　Plaintiff,

　　v.

STATE OF CALIFORNIA, et al.,

　　　　　Defendants.

Case No.  14-cv-05470-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.　INTRODUCTION

Plaintiff, an inmate on death row at San Quentin State Prison, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate.  Plaintiff's motion to proceed *in forma pauperis* has been granted.  Dkt. 12.  His request for appointment of counsel has been denied.  *Id.*

According to the state appellate court's online database, Petitioner's 1988 judgment of conviction has been affirmed on appeal.  *See People v. Frye (Jerry Grant)*, Case No. S007198 (July 30, 1998).  The database also indicates that his two state habeas petitions have been denied.  *See Frye (Jerry Grant) on H.C.*, Case No. S062455 (Oct. 14, 1998); *Frye (Jerry Grant) on H.C.*, Case No.S087755 (Jan. 24, 2001).

His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.　DISCUSSION

### A.　Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

United States District Court
Northern District of California

696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Review of Complaint**

The overarching problem with the complaint in this action is that it is more like a legal brief than a complaint. There are dozens of pages of generalized argument about the death penalty, discussions of the average death row inmate's experience (rather than Plaintiff's individual experiences), and lengthy discussions of other cases. That the document provides very little information about Plaintiff's particular problems is not surprising because pages 9 through 52 of the 61-page complaint has been recycled and filed by several inmates on death row. *See infra* footnote 1.

For the reasons outlined below, Plaintiff must file an amended complaint that cures the problems discussed in this Order.

First, the 61-page complaint fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P, 12(b)(6). Although a complaint or amended complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint or amended complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Specific facts are not necessary; the statement need

1    only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it

2    rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks

3    omitted).  The amended complaint must provide a short and plain statement of Plaintiff's claims as

4    required under Rule 8 and as further directed below.

5        Second, Plaintiff has no standing to complain about problems experienced by any other

6    inmate.  "[A] litigant appearing *in propria persona* has no authority to represent anyone other than

7    himself."  *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).  His complaint is quite

8    generic, and is one of several from death row inmates who have filed extremely similar complaints

9    urging similar theories.[1]  Plaintiff includes facts that plainly have no applicability to his own case.

10   *See, e.g.*, Dkt. 1 at 33-34[2] (discussing delays in the preparation of the record on appeal from

11   Theodore Shove's case); *id.* at 48 (discussing facts related to Dennis H. Lawley's experiences).

12   Plaintiff also includes allegations about the "average" amount of time at various points in the

13   death penalty review process, but some of those alleged average delays were not experienced by

14   him.  *Compare id.* at 35-37 *with id.* at 5-6.  Plaintiff must confine his amended complaint to

15   allegations about his specific factual situation, and not about the death penalty in general or the

16   review process in general.

17       Third, some of Plaintiff's contentions may call into question his conviction, such as his

18   assertions of: ineffective assistance of his trial counsel, *see* Dkt. 1 at 4-5; false testimony by the

19   prosecution's only witness, id. at 5; jury instruction violations, id. at 5; and, as mentioned above,

20

21       [1] In 2012, several death row inmates filed civil rights actions complaining that the
22   California process for reviewing capital convictions and sentences is unlawfully slow and
     inadequate.  *See, e.g.*, *DeBose v. Brown*, N. D. Cal. Case No. C 12-6169 SI; *Shove v. Brown*, N. D.
23   Cal. Case No. C 12-211 RMW; *Duff v. Brown*, N. D. Cal. Case No. 12-529 EMC; *Bolin v. Brown*,
     N. D. Cal. Case No. C 12-637 PJH; *Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS;
24   *Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY; *Brasure v. Brown*, C. D. Cal. Case
     No. 12-CV-1027-UA-DUTY.  In 2014, several of the same death row inmates (and Plaintiff in the
25   instant action) filed substantially similar cases in the U.S. District Court for the District of
     Columbia, and those cases were transferred to this district because the death row inmates were in
26   custody in this district.  *See, e.g.*, *Shove v. State of California*, N. D. Cal. Case No. C 14-4196 JD;
     *DeBose v. Brown*, N. D. Cal. Case No. C 14-5268 SI; *Bolin v. State of California*, N. D. Cal. Case
27   No. C 14-4087 PJH; *Duff v. State of California*, N. D. Cal. Case No. C 14-4036 EMC; *Hernandez
     v. State of California*, N. D. Cal. Case No. C 14-4038 RS.
28       [2] Page number citations refer to those assigned by the Court's electronic case management
     filing system and not those assigned by Plaintiff.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

the slowness of the capital appeal process.  Plaintiff may not assert any section 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place. The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action that—even if it does not directly challenge the conviction or sentence—would imply that the conviction or sentence was invalid.  The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages.  The decision must have been successfully attacked before the civil rights action for damages is filed.  The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  If success in the section 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the section 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Fourth, the complaint does not link any Defendant to a legal claim.  In his amended complaint, Plaintiff must be careful to allege facts showing the basis for liability for each Defendant for each of his legal claims.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  In addition, if Plaintiff claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d, 1040, 1045 (9th Cir. 1989).  Because Plaintiff has not linked any of the named Defendants to his claims, no claim for damages can proceed unless Plaintiff amends

United States District Court
Northern District of California

his complaint to cure this pleading deficiency.

Fifth, Plaintiff failed to attach to his complaint the some of the exhibits he refers to therein. If he refers to any exhibits in his amended complaint, those exhibits must be attached to the amended complaint.

Finally, Plaintiff must provide more specific declaratory and injunctive relief requests.  In light of the *Heck* problem mentioned earlier in this Order, as well as the rule that a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the fact or duration of one's confinement, it is particularly important that the scope of the requested relief be understood so that these rule are not undermined.

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

a.      States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

i.      Set forth **each claim** in a separate numbered paragraph;

ii.     Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

iii.    Identify the injury resulting **from each claim**;

b.      Is confined to allegations about **his specific factual situation**, and not about the death penalty in general or the review process in general;

c.      Does not assert a section 1983 claim that would **call into question the validity of his conviction** as long as the conviction remains in place, *see Heck v. Humphrey*, 512 U.S. 477 (1994);

d.      Does specify how each Defendant was **linked through their actions**;

e.      Does not name any Defendant who did not act but is linked solely in his or her **respondent superior capacity** or against whom Plaintiff cannot allege facts that would establish supervisorial liability;

1    f.    Does **attach all the exhibits** he refers to therein; and

2    g.    Does provide **more specific declaratory and injunctive relief requests**.

3    2.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his

4  Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the

5  case number for this action—Case No. C 14-05470 YGR (PR)—on the form, clearly label the

6  complaint "Amended Complaint," and complete all sections of the form.  Because the Amended

7  Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he

8  wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S.

9  915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff

10  wishes to attach any additional pages to the civil rights form, he shall maintain the same format as

11  the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies"

12  section without including a narrative explanation of each grievance filed.  Plaintiff's Amended

13  Complaint shall not exceed **forty (40) pages** in length. **Plaintiff's failure to file his Amended**

14  **Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies**

15  **outlined above will result in the dismissal of this action without prejudice.**

16    3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

17  informed of any change of address and must comply with the Court's orders in a timely fashion.

18  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

19  while an action is pending must promptly file a notice of change of address specifying the new

20  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

21  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

22  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

23  *se* party indicating a current address.  *See* L.R. 3-11(b).

24    4.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a

25  copy of this Order.

26    IT IS SO ORDERED.

27  Dated: November 18, 2015                  _____

28                                            YVONNE GONZALEZ ROGERS
                                              United States District Judge