Amended Complaint

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2  Name: __Frye__      __Jerry__      __G.__
3         (Last)           (First)        (Middle Initial)

4  Prisoner Number: __D-96501__

5  Institutional Address: __San Quentin State Prison__

6  __San Quentin, Ca. 94974__

FILED

DEC - 3 2015
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
DISTRICT OF CALIFORNIA
OAKLAND

8          UNITED STATES DISTRICT COURT
9         NORTHERN DISTRICT OF CALIFORNIA

10  __Jerry Grant Frye__
    (Enter your full name.)
11                                    )
                                      )
12              vs.                   )  Case No. __C14-05470 YGR (PR)__
                                      )  (Provided by the clerk upon filing)
13  __William T. Lowe__              )
    __Richard Hawk__                 )  COMPLAINT UNDER THE
14  __David S. Richmond__            )  CIVIL RIGHTS ACT,
                                      )  42 U.S.C. § 1983
15  (Enter the full name(s) of the defendant(s) in this action.)  "Amended Complaint"

17  **I. Exhaustion of Administrative Remedies.**

18  *Note: You must exhaust available administrative remedies before your claim can go
19        forward. The court will dismiss any unexhausted claims.*

20  A.  Place of present confinement __San Quentin, State Prison,  Death Row__

21  B.  Is there a grievance procedure in this institution?    YES ☑    NO ☐

22  C.  If so, did you present the facts in your complaint for review through the grievance

23      procedure?    YES ☐    NO ☑

24  D.  If your answer is YES, list the appeal number and the date and result of the appeal at each

25      level of review. If you did not pursue any available level of appeal, explain why.

26          1. Informal appeal: __This complaint is not a__

27  __Prison issue.__

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

1    2. First formal level: _____

2    _____

3    _____

4    3. Second formal level: _____

5    _____

6    _____

7    4. Third formal level: _____

8    _____

9    _____

10   E.   Is the last level to which you appealed the highest level of appeal available to you?

11        YES ☐        NO ☑

12   F.   If you did not present your claim for review through the grievance procedure, explain why.

13   The issue's in my claim took place outside of the

14   prison, and the people involved are not prison

15   employee's.

16   **II. Parties.**

17   A.   Write your name and present address. Do the same for additional plaintiffs, if any.

18        Jerry G. Frye D-96501

19        CSP-SQ/4-EB-88

20        San Quentin, Ca. 94974

21   B.   For each defendant, provide full name, official position and place of employment.

22   Judge Ryan, Superior Court, Amador County, Ca.

23   David S. Richmond, District Atty. Amador County, Ca.

24   Jo Graves, Depty District Atty. Amador County, Ca.

25   Judd Iverson, P.D. Lead Trial Atty. Amador County, Ca.

26   Richard Hawk, P.D. second Chair Trial Atty, Amador County, Ca.

27   William T. Lowe, Trial Judge, Amador County, Ca.

28   David Lane, Dirrect and Habeas, Atty. Ca., Denver, Co.

     Tivon Schardl, federal Appeal ant Atty, Sacramento, Ca.

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

This is a civil action to redress the deprivation under color of State Law, of rights secured by the Constitution of the United States.

1) Upon information and belief; I believe that my guaranteed Constitutional Right's, the Fifth, Sixth, Eighth and Fourteeth amendments to the United States Constitution have been violated by the State of Californias Governmental entities, By these State employee's, and Officer's, Acting under color of State Law.

2) Pervasive misconduct by the Governments attorney's in my case, "A Capital case" have deprived-

Attached 8. Pages:

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I, Jerry Grant Frye, declare that I am the petitioner in the above entitled claim; that in support of my motion to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty I am unable to pay the cost of said-

Attach 1. Page;

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: Dec. 1, 2015

_Date_

_Signature of Plaintiff_

Jerry G. Faye
In Pro Se

"Amended Complaint"

Statement of Claim

Cont; 2.) Me of Life and Liberty. Acting under color of State Law., See, Exhibit, B, Pg. 3+4 Paragraph (15)

Plaintiff; I Jerry G. Faye, Petitioner was arrested in
3). July, (1985) and charged with 2 counts of murder, robbery, burglary and grand auto, a capital case. Petitioner alleges an unlawful conviction was obtained by and through unqualified counsel, and Prosecutor's misconduct. Violating my rights before and during my unfair trial., See, Exhibit, (1.) Complete, Statement of case.

Defendant; 4) Judge Ryan, Amador County, Ca., Superior Court. (1985)
Supervisor;    Upon information and belief, And Facts.
   A.) Judge Ryan refused to appoint qualified counsel or co-counsel, Forcing me to waive my right to a fast and speedy trial, See Exhibit, B, Pg. 2, Par (7)
   B) Judge Ryan failed to stop the miscarriage of Justice, of my case, he was a participant. Acting under color of State Law.

Plaintiff; 5.)
      Judge Ryan deprived me of a fair trial, of due process, and other constitution rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Defendant; 6.)
Prosecutor:    David S. Richmond, Amador County, Ca. (1985)
   A.) Mr. Richmond made an immunity agreement with a witness, Mrs. Jennifer Ann Warsing to give false testimony at my trial. See, Exhibit, (3).
   B) Mr. Richmond was coaching witnesses.
   C.) Mr. Richmond was involved in a serious conflict of Interest, By asking the trial Judge to write a letter to the Ca. Supreme Court to get one of the defence attorney's

(Page 1 of 8)

## Statement of Claim

Cont. 6.) (C.) License re-instated. After they were suspended
during my trial. See. Exhibit. B, Pg. 1½, Par (5.)
Pg. 1+2,

Plaintiff; 7.)
Prosecutor Richmond, Acting under color
of State Law. Violated my right to a fair trial,
my due process Right's, and my Fifth, Sixth,
Eighth and Fourteenth amendment's to the
United States Constitution.

Defendant; 8.)
Prosecutor:    Mrs. Jo Graves, Amador County, Ca.
A.) Vouching for the Credibility of key
witnesses.
B.) Giving her Personal opinion on ultimate
issue's that were exclusively for the
jury to determine.
C.) Shifted burden of Proof to me.
D.) Introduced victim impact evidence which
the defence was not allowed to rebut.
E.) Urged aggravation of sentence on the
basis of evidence in mitigation.
F.) Created the "Conflict of Interest" and
Collusion with all the legal defendant's
in the courtroom to get defense Attorney
Richard Hawk his License re-instated.
Pending my trial., Acting under color
of State Law.

Plaintiff; 9.)
Prosecutor Graves, Acting under color
of State Law., See. Exhibit, B. Pg. 1½, Par. (5)
A) deprived me of a fair trial.
B.) Given the state of this Record, my
conviction and sentence of Death violate
my—

(Page 2 of 8)

## Statement of Claim

cont. 9.) B.) the Fifth, Sixth, Eighth and Fourteenth
My Amendments to the Unite States Constitution.

Defendant; 10.)
<u>Lead Counsel</u>; Judd Iverson, Trial Atty. Amador County, CA.
Upon information and belief.

A.) Mr. Iverson participated in the Collusion to
get his Partner, and long time friend, Richard
Hawks, Suspended License re-instated, So
Mr. Hawk could continue to make money to
help pay on the "Huge Judgement that
came with the Suspension of his Partners
License to practice Law.

B.) Mr. Iverson jumped on my extensive medical
background to use as an excuse for his
own Encompetancey.

C.) Mr. Iverson never objected to all the acts
of Prosecutor Misconduct.

D.) Mr. Iverson, "As Lead Counsel", never
objected to what his Co-Counsel was
doing to his Client, And "Never" informed
me of Mr. Hawks past or Carrector.

E.) Acting under color of State Law.

F.) Lied to jury about me testifying.

Plaintiff; 11.)
Mr. Judd Iverson, Acting under color of
State Law.

A.) Mr. Iverson deprived me of a fair trial, By
his Silence, And failure to Act.

B.) The entire Trial process was so tainted
by ineffective assistance of counsel both
at the guilt phase trial and the penalty
phase., See. Exhibit. B. Pg. 1, Par. (3)

C.) Judd Iverson violated my Eighth and
Sixth amendents to the United States Constitution.

(Page 3 of 8)

## Statement of Claim

Defendant; 12.)

Co-Counsel; Richard Hawk, Trial Atty. Amador County, Ca.
Acting under color of State law.

  A.) Illegally and Unethically solicited my case By,
    1.) Promising and Guaranteeing to get me out of
      jail. If he was Appointed to my case!
    2.) Came to visit me almost everyday at the
      Amador County jail,
    3.) Left hundreds of dollars on my account.
  B.) Lied to me from the moment I met him.
  C.) Never said one word to me about up coming
    legal problems, His Suspention or the Huge
    Judgement that came with the suspention
    of his license to practice law. This hap-
    pened during the guilt phase of my trial.
  D.) Failed to suppress Anything (Said he forgot!)
  E.) Failed to investigate Any penalty phase issues.
  F.) Did irreparable damage to my case by his
    Selfishness; his need for funds to help pay
    off that Hugh Judgement, Acting under
    color of State law.

Plaintiff; 13.)

Mr. Richard Hawk, Acting under color of State
law, Upon information and belief;
  A.) Did deprive me of a fair trial.
  B.) Did distroy any chance I may of had at a
    fair trial, and got all the other legal defendants
    envolved in this, Miscarriage of Justice, as well.
  C.) Mr. Hawk violated my due process Rights,
    by his incompetance., eneffective assistance
    of counsel.
  D.) Tainted the entire trial process by ineffective
    assistance of councel at the guilt-innocence
    trial and the penalty phase that its beyond

(Page 4 of 8)

# Statement of Claim

cont; 13) (0). Repair. See Exhibit. B, Pg. 1, PARAGRAPh (3).

  E.) MR. HAWK's performance has violated my Constitutional rights under the fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitutions.

  F.) And causing me years of Mental Stress, Mental anguish, to the point of mental torture, that is causing me great pain and Suffering.

Defendant: 14.)

Supervisor:   William T. Lowe, Trial Judge, Amador County, Ca. Acting under color of State Law.

  A.) Judge Lowe failed to act to all the Prosecutor Misconduct that took place during the whole trial process.

Note; Have never been able to get copy of Letter.

  B.) Judge Lowe, Wrote a letter to the Ca. Supreme Court, At the behest of the Prosecutor to ask them to re-instate a defence attorney's license back, Mr. Richard Hawk, Pending my trial. Creating a Serious "Conflict of Interest".

  C.) Judge Low allowed a witness to testify Knowing she was Lying, Mrs. Jennifer Ann Warsing, Prosecution's Only witness. And left out Jury intructions concerning the testimony of an accomplice, "Must be Corroborated". See Exhibit. B, Pg. 4, Par. (18)

  D.) Judge Low, Participated in and directed some of the violations, and knew of others but failed to Act to Prevent them. Acting under color of State Law.

Plaintiff; 15.)

  Upon information and belief.

  A.) I believe Judge Lowe is responsible for depriving me of a fair trial.

    (Page 5 of 8)

## Statement of Case

cont. 15.)

B.) Violating my due process Rights and other Constitutional Rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

C.) Judge Lowe, knew of Richard Hawks legal problems and of Hawks Betrayal of me. he Never acted to Stop the "Miscarriage of Justice" taking place in his Courtroom. Acting under color of State Law.

From County to

Defendant: 16.)                    State Court
State Appealant   David Lane, Direct and Habeas Atty. Denver, Co.
Atty:

A) Mr Lane came to visit me at San Quentin shortly after I arrived here, at the behest of Judd Iverson, At the time I was still ignorant of what they were doing to me, "Useing Me". But, I was very glad to have an Attorney wanting to handle my Appeal for me, I wouldn't have to Wait 4 or 5 years for the State to Appoint someone, Mr. Lane was and is friends with Iverson.

B.) Upon information and belief; I believe Mr. Lane only care about how much money he could make off of my case. He was Appointed to my case in Jan. (1989), I seen him 5 or 6 time's during the 10½ years he had my case.

Note: Jail records and some Transcripts are Still missing.

C.) Mr. Lane lied to me over and over again about the missing transcripts from my Record. Always blaming the County of Amador for not sending all the transcripts so we could get my Record Certified.

D.) Mr. Lane had a due appointment on my case, Direct Appeal and State Habeas, I never agreed or signed any Waiver to allow him to do this, How could I say he was, or claim ineffective assistance on my

## Statement of Claim

cont. 16.) D.) Dirrect Appeal.

State Appellant,
Atty:
      E.) I believe, Mr. Iverson passed me off
         to Mr. Lane so he could use me like Hawk
         and Iverson Did., Acting under color of
         State Law.

Plaintiff: 17.)
      Mr. Lane, Acting under color of State Law.
      And upon information and belief.,
      A) Mr. Lane, violated my due process rights,
      B) Mr. Lane, Should not have been Able to do my
         dirrect appeal and State Habeas.
      C.) Mr. Lane, Delayed my appeal for year's
         constantly requesting more time and more
         money.
      D) Mr. Lane, has caused me year's of mental
         stress and anguish and pain and suffering.
         Violating my Constitutional rights under

From State
to Federal.
         the Fifth, Sixth, Eighth and Fourteenth Amend-
         ments to the United States Constitution.
         Acting under color of State Law.

Defendant: 18.)
Federal Defender;
      Tivon Schardl, Federal Appellant Atty., for
      the Eastern District of California., Sacramento
      Ca., Upon information and belief. And facts.
      A.) Mr. Schardl has delayed my appeal for
         over (15) years, he's been having an evid-
         entuary hearing for me for over 9 years
         now.
      B.) Mr. Schardl has wasted year's on family
         tree research, and Mental issues that
         have Nothing to do with the evidence or
         Lack of, in my case.

## Statement of Claim

cont. 18.)

C) Mr. Schardl is still delaying my appeal and has failed to act concerning my rights and has ignored all my request to raise these issues. Acting under color of state and federal law.

PLAINTIFF: 19.) Upon information and belief.

A) Mr. Schardl has violated my due process rights.

B) Mr. Schardl, is in part responsible for the years of mental stress and mental anguish, pain and suffering I've had to endure because of his delays in my case.; Violating my sixth and eighth amendments to the United States Constitution. Acting under color of state and federal law.

C) All the defendants mentioned in my claim are employee's and officer's of the State of California., County, State and Federal. Each and every claim I've raised is raised under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of the Constitution of the State of California.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Dec. 1, 2015

Jerry Grant Frye
(In Pro Se)

(Page 8 of 8)

"Amended Complaint"

## Relief

cont. 4.) proceedings or to give security therefor; that I believe I am entitled to relief.

A.) I Respectfully pray that this court enter Judgement granting me:

B.) A preliminary and permanent injunction ordering the defendants; State of California, To acknowledge the violations of my Constitutional Civil Rights; And Release me from prison.

C.) Compensatory damages in the amount of _____ per day from the day my case was dismissed the first time, Plus Good time.

D.) Punitive damages in the amount of _____

E.) Plaintiffs; Cost in this suit.

Note;
Federal
Civil Judicial
Procedure and
Rules.
F.) I also request the assistance of counsel to assist me with all future litigation in this case. for a (Petition under 28 U.S.C. § 2254, (B)(i)(ii), (d) (1)(2), (h)., and from (chapter 154 - Special Habeas → Corpus Procedures in capital cases), 28 USC § 2261, (e)., for, Habeas Corpus, A Writ of Habeas Corpus.

G.) And, Any additional relief this court deems just, proper, and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Dec. 1, 2015.

Jerry Grant Frye

In Pro Se

(Page 1 of 1)

CSP·SQ/4-EB-88
San Quentin, Ca. 94974
  In Pro Se

"Amended Complaint"

United States District Court
Northern District of California

Jerry Grant Frye.
    Plaintiff.

    V.

State of California,
    Defendants.

CASE No. C·14-05470 YGR (PR)

To the Honorable: Yvonne
  Gonzalez Rogers,
  District Judge.

Your Honor;

I apologize for not being able to remember the
Judge's full names from the first round in my case. It's
like everyone is acting like it never happened. Just be-
cause my case was completely dismissed the first time,
doesn't mean it never happened!

I also must apologize for the condition of my
Exhibit B.

Your Honor;

I've made reference to 2 Letter's in my claim.

1.) The Letter Mr. Larry Dixon helped me write to
the Ca. Supreme Court about the way I was being
treated there in Amador County that got the
County Judge's dismissed from my case. (1986)

2.) The Letter Judge Lowe wrote to the Ca.
Supreme Court to get Hawks license given
back. (1988)

1.

I have Never been Able to get copie's of these Letter's, from my State counsel / Nor my federal counsel. Just Alot of BS. Sorry.

I appreciate the attention to my case. Thank you.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted, Dec. 1, 2015.

Jerry Grant Frye
In Pro Se

2.

JeRRy G. FRye D-96501
CSP-SQ/4-EB-88
SAN QuenTin. CA. 94974
(IN PRo Se)

Amended ComplAinT

Exhibit: A

CASe No: C 14-05470 YGR (PR)

## - StateMent of Case -

1.) I JeRRy G. FRye, PetitioneR WAS ARRested iN JuLy, (1985)
AND chARged with 2 counts of muRdeR, Robbery. buRglARy AND
gRAND Auto, A cApital case.

2.) PetitioneR contends AN UNLAWful conviction WAS obtAined
by AND through UNquAlifed counseL, AND pRosecutoR's
cRiMinAL Actions of violations of LAWS, befoRe AND duRing
tRiAL. I WAS convicted oN ALL counts AND sentenced
to DeAth on 9-12-1988. PetitioneR is iNNocent of ALL
chARge's, Upon infoRMAtion AND beLief;

3.) This WAS in AmAdoR county. CALifoRNiA, iN JuLy. 1985.
I WAS Appointed counseL, A public defendeR NAMed. MR.
LARRy DixoN, He WAS tRying to help me, MR. DixoN WAS
NOT quAlifed to hAndLe my case, iN fact, he'd hAd (1.) tRiAL
befoRe being Appointed to my case. I believe it WAS A
buRLARy case, AND MR. DixoN Lost thAt tRiAL.

4.) MR. DixoN MAde it quite cLeAR to SupeRioR CouRt,
Judge RyAN, thAt he WAS NOT quALified to fAiRLy Re-
pResent me, MR. DixoN Asked foR quAlified co-counseL
to be Appointed, Judge RyAN Refused ouR Request, then
MR. DixoN tRied to withdRAw fRom my case, Judge RyAN
Refused to Let him withdRAw. This went on foR oveR
A yeAR AND I WAS being foRced to wAive my Due pRo-
cess Rights of A fAst AND Speedy tRiAL.
(Page 1 of 8))

## Statement of case

5.) Also, During this time I was pleading for qualified counsel to help me. Nothing was being done in my defence, evidence was being lost or distroyed. Some of the witness'es testimony or statements changed drastically in there context from the police departments initial reports to their testimony at trial. I believe these delays were in Fact intentional by: Judge Ryan and district atty. Richmond.

6.) Finally, Mr. Dixon helped me write a Letter to the Calif. Supreme Court; The Bird court, (1986), Complaining of the way I was being treated there in Amador county, How all my right's were being violated.

7.) The Ca. Supreme Court, fired Justice court Judge Howard and Superior court Judge Ryan. they were ordered not to have any further involvement in my case. (The damage and violation's were already done!)

8.) This is when Mr. Richard Hawk came to see me. He said he was a friend of Dr. James Peal. actually it was a month or so before the Ca. S.ct. fired the Amador county Judges.

9.) Mr. Hawk came to see me almost everyday. Left hundreds of dollars on my account, Judge Ryan did not want to appoint Mr. Hawk to my case. But would not say Why. So I believed Hawks Lies and promises of an aquital if I followed his lead to help him get appointed to my case. Hawk stated that Judge Ryan knew he would help me and not allow them to convict me of these Bogus

(Page 2 of 8)

Statement of case

charges. Mr. Hawk guaranteed me he would get me out of Jail if I would help him get appointed to my case, Or. I'd be stuck with someone Judge Ryan wanted to give me and I wouldn't have a chance of a fair trial. "No one" told me about Mr. Hawks past, who he really was, or of his record of lying to his clients to gain their trust, souly for a pay check.

10.) I needed help very badly and Mr. Hawk seemed to be the only one trying to help. So, I went along with his plan to get appointed to my case. Hawk said an old friend of his, Mr. Judd Iverson would come to visit me at the jail and he would tell me to except him as my lead counsel, Judge Ryan would appoint him (Anyone but Hawk) Once Mr. Iverson was appointed. Hawk would walk into the courtroom and Mr. Iverson would appoint Hawk as my second chair counsel. It went perfect for them. Not so well for me!

11.) This was not long before the Judge's were fired from my case, A new Judge came in, for a Hitch motion? I'm not sure what the hearing was called, But this Judge dismissed all the charges against me. I apologize to the court once again, I can't remember this Judges name. This was in (1986) to, I believe.

12.) I thought I would be released after my case was dismissed, I still don't understand how the state could allow my rights to be violated so badly to where I could never have a fair trial.

( Page 3 of 8 )

Statement of Case

Upon information and belief,

13.) I believe, this is where Mr. Hawk and D.A. Richmond reached some kind of deal, Mr. Richmond would refile the same charges against me and Mr. Hawk would be able to continue to make money for the Big Judgement he knew was coming. I had no knowledge of this at the time, I never found out about all this until years later. Right from the very first day of my trial; Mr. Iverson asked Mr. Hawk for a copy of the motion to suppress; Mr. Hawk stated that he had forgot to do it. He was already helping the prosecution to convict his client.

14.) The entire trial was tainted by Mr. Hawks Incompetency, Acting under color of State Law.

Another Judge was appointed to my case, a retired Judge named, William T. Lowe.

During the guilt phase of my trial Mr. Hawks License were suspended from the practise of Law.

15.) Judge Lowe, at the behest of the prosecutor's wrote a Letter to the Ca. Supreme Court and asked them to give Mr. Hawk back his License to practise Law pending my trial. And they did give Mr. Hawk his License back, he was Very Happy and Pleased to be making money toward his Judgement again, Again no one had any concern for me or my rights, And Mr. Judd Iverson just set there and shuck his head while Mr. Hawk was shaking the prosecutor's hands, And the Judges, as well for getting his Livelihood back, At the expenise of my freedom and Life.

(Page 4 of 8)

<u>Statement of case</u>

16.) By Judge Lowe and the prosecutor helping Mr. Hawk get his license back. I believe has created a serious conflict of Interest and an ethic's issue as well.

Judge Lowe also left out a lot of jury instructions and exspecially concerning acomplice witness testimony that must be corroborated. Upon information and belief;

17.) I believe these 6, six. ~~Defendants~~ Defendants, which are officers of the state of California, did unrepairable damage in collusion to me and my case.

1.) Amador County Superior Court Judge Ryan.
2.) Trial Judge William T. Lowe, San Diego, Calif.
3.) Amador County District Atty. David S. Richmond.
4.) Amador County Depty District Atty. Mrs Jo Graves.
5.) Amador County Public Defender, Mr. Richard Hawk.
6.) Amador County Public Defender, Mr. Judd Iverson.

All, These defendants acted under color of State Law.

18.) I claim my Fifth, Sixth, Eighth and Fourteenth amendments to the U.S. constitution rights have been violated by the afor mentioned. 1.) Obstruction of Justice, 2.) Due administration of Law = Under color of state Law and athority, with intent to deny.

            From; County to State.

19.) After I was convicted, May. 9-1988, I was sent to San Quentin in Sept. 1988, One of Judd Iverson's friends came to visit me and let me know he wanted to represent me, I was happy about that at the time because I thought I was Lucky to have an

(Page 5 of 8)

## Statement of case

Appealant atty. Already; his name is David A. Lane from Denver Colorado; Mr. Lane was appointed to my case on; January-19-(1989).

20.) Mr. Lane lied to me about lost transcripts, blamed the Amador County, (transcripts and all jail records are STILL MISSING.) Mr. Lane requested more time and more funds; Mr. Lane stretched my case out/or his part for 10 and a half years.
Mr. Lane also did my direct appeal and my state Habeas! Duel appointments.

A.) I believe Mr. Lane violated my due process rights, Acting under color of State Law.

B.) The state court denied my appeal by Mr. Lane in 1998.

C.) I received a letter from the Ca. Sct 1. page. 1. Line, Denied on the merits., Thats it.

## From State to Federal!

21.) I received a Letter from Mr. George Couture, from the, Eastern District Federal Defenders Office, this was around the end of (1998) I believe.

22.) Mr. Couture and Mr. Dennis Cusick were appointed to be my fed. appealant atty's. These attorney's were more interested in family tree's and mental issues, Mr. Couture had a family problem and had to move back to Florida.

(Page 6 of 8)

## Statement of case

23.) My case was then turned over to Mr. Tivon Schardl and Mrs. Jennifer Mann, I've been in this federal defenders office for over (15) years now. And I've been stuck for over (9) years, waiting on these attorney's to resume my evidentuary hearing. Upon information and belief., I believe that.

24.) Mr. Schardl has intentionally delayed my appeal. Useing issue's that have nothing to do with the evidence or lack of in my case, he has failed to act concerning the real issue's in my case and has known about all the civil rights violation in my case. And ignored them. Acting under color of State and federal law.

25.) This has caused me great mental stress and anguish, its been pure torture being locked away here in this prison, Begging and Pleading for help all these years, and to be lied to and used like this by the Very People that are suppose to help me. this is a betrayal in the worst way, and is Cruel and unusual punishment.

26.) I have not been able to obtain a copy of the Letter Mr. Larry Dixon helped me write to the California Supreme Court.
    A.) Or the Letter that the Prosecutor's and Judge Lowe wrote to the California Supreme Court to get defence attorney's, Mr. Richard Hawks; License re-instated; Pending my trial.
        (Page 7 of 8)

## Statement of case.

cont. 26.) Acting under color of State Law.

## Index of Exhibits

    A.) Statement of case.
    B.) AOB, Table of Contents.
    C.) Prosecutor's Immunity Agreement with
        only witness, Mrs. Jennifer Ann Warsing.

27.) I declare under penalty of perjury that the
    foregoing is true and correct.

Executed on: <u>Nov. 27, 2015</u>.

<u>Jerry Grant Frye</u>

(In Pro Se)

(Page 8 of 8)

Jerry G. Frye D-91591

Exhibit: B

AOB .

"Amended Complaint"

## TABLE OF CONTENTS

Table of Contents ...................................................... i

Table of Authorities .................................................... vii

Statement of The Case .................................................. 1

Arguments:

1.)  IN PROHIBITING JERRY FRYE FROM INTRODUCING EVIDENCE IN MITIGATION OF HIS
PRIOR FELONY CONVICTION, THE COURT PRECLUDED A DEFENSE TO THE ONLY
AGGRAVATOR SUBMITTED BY THE PEOPLE AT THE PENALTY PHASE AND
PREVENTED THE JURY FROM HEARING CRITICAL RELEVANT TESTIMONY IN
SUPPORT OF A LIFE VERDICT.

.............................................. 29

2.)  JERRY FRYE WAS PRECLUDED FROM SUBMITTING REBUTTAL   EVIDENCE
REGARDING THE ONLY AGGRAVATING FACTOR THE PEOPLE
INTRODUCED AT THE PENALTY PHASE, IN CLEAR VIOLATION OF HIS
RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION AND
ANALOGOUS PROVISIONS OF THE CALIFORNIA CONSTITUTION. ......... 40

3.)  THE ENTIRE TRIAL PROCESS WAS SO TAINTED BY INEFFECTIVE ASSISTANCE OF
COUNSEL BOTH AT THE GUILT-INNOCENCE TRIAL AND THE PENALTY
PHASE AS TO WARRANT A NEW TRIAL.
......................................................... 47

4.)  THE FACT THAT RICHARD HAWK WAS ORDERED SUSPENDED FROM THE
PRACTICE OF LAW DURING THE PENDENCY OF THIS DEATH PENALTY
TRIAL WARRANTS A REVERSAL OF THE CONVICTION AND SENTENCE
OF DEATH.
.................................................. 86

5.)  AN ORDER ISSUED DURING THE TRIAL OF A CAPITAL CASE MANDATING TRIAL
COUNSEL'S SUSPENSION, FOLLOWED BY A STAY OF THE SUSPENSION
AT THE BEHEST OF THE PROSECUTOR SEEKING THE EXECUTION OF

I.

OVER



5.) 6.) COUNSEL'S CLIENT CREATES AN ACTUAL CONFLICT OF INTEREST. AT THE VERY LEAST THERE IS SUCH AN APPEARANCE OF A CONFLICT THAT PUBLIC CONFIDENCE IN THE JUDICIAL SYSTEM WOULD BE SO SHAKEN BY THE APPARENT CONFLICT THAT THE CONVICTION AND SENTENCE CANNOT BE PERMITTED TO STAND. .............................................................. 97

collusion

6.) THE JUDGMENT MUST BE REVERSED BECAUSE THE TRIAL COURT WAS ON NOTICE OF A POSSIBLE CONFLICT OF INTEREST, BUT FAILED TO CONDUCT AN INQUIRY INTO THE POSSIBLE CONFLICT OR TO ELICIT A KNOWING AND INTELLIGENT WAIVER OF THE RIGHT TO CONFLICT-FREE REPRESENTATION ................................................... 107

7. FORCING JERRY FRYE TO CHOOSE BETWEEN HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND HIS RIGHT TO SPEEDY PRELIMINARY HEARING AND TRIAL VIOLATED HIS DUE PROCESS RIGHTS. ......... 112

8.) INEFFECTIVE ASSISTANCE OF COUNSEL WAS RENDERED REGARDING THE RAISING OF JERRY FRYE'S COMPETENCY TO CONTINUE IN TRIAL. ................................................... 117

9.) THE TRIAL COURT HAD ENOUGH INFORMATION BEFORE IT AS OF THE APRIL 21 HEARING TO HAVE SUA SPONTE ORDERED AN EVALUATION PURSUANT TO PENAL CODE SECTION 1368. ................... 122

10.) THE VERDICTS RETURNED IN JERRY FRYE'S CAPITAL TRIAL WERE COMPROMISED BY HIS INCOMPETENCY IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ................................... 130

11.) REVERSIBLE ERROR WAS COMMITTED WHEN THE COURT REQUIRED THE DEFENDANT TO BE PRESENT AT THE PENALTY PHASE OVER THE DEFENDANT'S PROTESTATIONS THAT HE FEARED HIS EMOTIONAL



11.)
STATE WOULD CAUSE AN OUTBURST,
AND THEN DENIED THE CONTINUANCE NEEDED TO PERMIT
THE DEFENDANT TO BE TREATED FOR HIS EMOTIONAL
DISTRESS AND ADJUST TO HIS NEW UNMEDICATED REGIMEN .............. 135

12.)
THE FAILURE OF THE TRIAL COURT TO ACCEDE TO THE
COMPETENCY JURY'S REQUEST TO HAVE CERTAIN
TESTIMONY RE-READ TO IT VIOLATED A CALIFORNIA
STATUTE AND APPELLANT FRYE'S RIGHTS UNDER
BOTH STATE AND FEDERAL LAW
...................................................................... 148

13.)
THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THE CRIME OF
BURGLARY MAY BE COMMITTED EVEN THOUGH THE ACCUSED WAS
INVITED ONTO THE PREMISES, IN SUBMITTING THE CHARGE OF
BURGLARY TO THE JURY, IN PERMITTING IT TO BE EMPLOYED TO
JUSTIFY A VERDICT OF FIRST-DEGREE MURDER, IN TREATING IT AS A
SPECIAL CIRCUMSTANCE MAKING THE HOMICIDE ELIGIBLE FOR THE
DEATH PENALTY, AND IN INSTRUCTING THE JURY THAT THE
COMMISSION OF BURGLARY COULD BE AN AGGRAVATING
CIRCUMSTANCE, ALL AT A TIME WHEN THE EVIDENCE, TAKEN MOST
FAVORABLY TO THE PROSECUTION, DID NOT ESTABLISH THE
COMMISSION OF A BURGLARY BY DEFENDANT ..................... 151

14.)
THE COURT ERRED IN FAILING TO GIVE A COMPLETE DEFINITION OF ROBBERY,
IN SUBMITTING THE CHARGE OF ROBBERY TO THE JURY, IN
PERMITTING THE RESULTING ROBBERY CONVICTION TO BE EMPLOYED
TO JUSTIFY A VERDICT OF FIRST DEGREE MURDER, IN TREATING IT AS
A SPECIAL CIRCUMSTANCE MAKING THE HOMICIDE ELIGIBLE FOR THE
DEATH PENALTY, AND IN INSTRUCTING THE JURY THAT THE
COMMISSION OF A ROBBERY COULD BE AN AGGRAVATING
CIRCUMSTANCE, ALL AT A TIME WHEN THE EVIDENCE, TAKEN MOST
FAVORABLY TO THE PROSECUTION, DID NOT ESTABLISH THE
COMMISSION OF A ROBBERY BY DEFENDANT
...................................................................... 157

15.
PERVASIVE MISCONDUCT BY THE GOVERNMENT'S ATTORNEYS IN APPELLANT
FRYE'S CAPITAL TRIAL DEPRIVED HIM OF THE RIGHT TO A FAIR AND

over



(15.) RELIABLE DETERMINATION OF HIS GUILT AND   SENTENCE AS
GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . 162

OBSTRUCTION OF JUSTICE / DUE ADMINISTRATION OF LAW = UNDER COLOR OF AUTHORITY
WITH INTENT TO DENY

(16.) THE TRIAL COURT REPEATEDLY CURTAILED THE CROSS EXAMINATION OF
CRITICAL PROSECUTION WITNESSES, THEREBY DEPRIVING JERRY FRYE
OF HIS RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES AGAINST
HIM IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTION 15 OF THE CALIFORNIA
CONSTITUTION.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 177

(17.) THE JURY INSTRUCTIONS AT THE GUILT
PHASE OF APPELLANT FRYE'S CASE
WERE CONSTITUTIONALLY DEFECTIVE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 185

(18.) THE TRIAL COURT ERRED IN FAILING TO ADMINISTER THE STANDARD
INSTRUCTION CALJIC 3.11, CONCERNING THE REQUIREMENT THAT THE
TESTIMONY OF AN ACCOMPLICE
MUST BE CORROBORATED
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 193

(19.) THE STATE FAILED TO ADEQUATELY PROCESS THE CRIME SCENE AND THE TRIAL
COURT PROHIBITED CROSS-EXAMINATION ON THOSE DEFICIENCIES
DENYING APPELLANT FRYE THE ABILITY TO PROPERLY DEFEND
HIMSELF
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 203

(20.) THE PENALTY PHASE INSTRUCTIONS IN APPELLANT FRYE'S CASE FAILED TO GIVE
THE JURY A VEHICLE BY WHICH TO RETURN A LIFE SENTENCE IN
VIOLATION OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 208

OVER



21.) THE TRIAL COURT ERRED AT THE PENALTY PHASE BY REFUSING TO COUNTERMAND OR WITHDRAW THE "ANTI-SYMPATHY" INSTRUCTION THAT HAD FORMED A PORTION OF THE GUILT PHASE INSTRUCTIONS. ........ 214

22.) WHERE AS A MATTER OF STATE LAW VARIOUS SENTENCING FACTORS ARE RELEVANT SOLELY AS POTENTIAL MITIGATORS, THE SENTENCING JURY SHOULD BE SO INFORMED AND SHOULD NOT BE ENCOURAGED OR PERMITTED TO AGGRAVATE THE SENTENCE ON THE BASIS OF SUCH FACTORS ........ 217

23.) THE TRIAL COURT IMPROPERLY REFUSED TO GIVE PENALTY INSTRUCTIONS REQUESTED BY THE DEFENSE ........ 223

24.) THE CALIFORNIA DEATH PENALTY STATUTE FAILS TO NARROW THE CLASS OF OFFENDERS ELIGIBLE FOR THE DEATH PENALTY AND THUS VIOLATES THE EIGHTH AMENDMENT AND ARTICLE I, SECTION 17 OF THE CALIFORNIA CONSTITUTION. ........ 227

25.) LotS of 's THE FACT THAT A TRANSCRIPT OF THE PROCEEDINGS IS MISSING SHOULD WARRANT A NEW TRIAL. ........ 252

AUGMENTATION PRODUCES NEWLY DISCOVERED EVIDENCE REQUIRING NEW TRIAL ISSUES HEARING

26.) MANY FEATURES OF THIS STATE'S CAPITAL SENTENCING SCHEME, AS INTERPRETED BY THIS COURT AND APPLIED AT APPELLANT'S TRIAL, VIOLATE THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION .. 255

27.) THE LENGTH OF TIME JERRY FRYE HAS BEEN ON DEATH ROW AWAITING HIS FIRST APPEAL AS A MATTER OF RIGHT HAS BEEN SO EXCESSIVE AS TO

v

OVER

28.)    CONSTITUTE TORTURE, AND IS THEREFORE A DEPRIVATION OF HIS
RIGHTS UNDER THE EIGHTH AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . . 261

29.    TO IMPRISON JERRY FRYE FOR AN INTERMINABLE TERM OF YEARS AND TO THEN
KILL HIM VIOLATES THE DOUBLE PUNISHMENT PROTECTIONS
AFFORDED BY THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES
CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 277

30.)    THE TRIAL COURT ERRED IN INSTRUCTING THE JURY AT THE COMPETENCY PROCEEDING
THAT DEFENDANT FRYE HAD THE BURDEN OF PROVING HIS INCOMPETENCE TO
PROCEED BY A PREPONDERANCE OF THE EVIDENCE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 280

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 282

Complete Text of Immunity Agreement Presented to the Jury in
*People v. Frye*, Amador County Superior Court No. 14145
RT 6230-33 with Annotations

Contrary to the state court's finding that nothing in the agreement "portrayed the district attorney's office as privy to information bearing on Warsing's veracity that was not admitted at trial," these statements made before the preliminary hearing say Warsing's version of events is true.

The agreement presented the District Attorney's belief in Warsing's truthfulness and his legal opinion about her culpability, an issue that was disputed at trial, and crucial to the jury's decision to sentence Petitioner to death.

Contrary to the state court's finding that the "agreement recites only that Warsing promised to tell the truth," the first substantive sentence said Petitioner was guilty.

The statements by the elected District Attorney, and not merely the trial prosecutor, plainly "place[d] the prestige of [the prosecutor's] office behind a witness by offering the impression that she has taken steps to assure a witness's truthfulness at trial." *Frye*, 18 Cal.4th at 971.

The parties to this agreement are the Amador County District Attorney and Jennifer Ann Warsing.

On or about May 14th, 1985, in the County of Amador, State of California, **Jennifer Warsing witnessed the burglary, robbery and killing of Robert Lee Brandt, Sr. and Lucille Jane Brandt by one Jerry Grant Frye.**

The information available to the District Attorney **indicates that Jennifer Warsing was an unwilling participant in the crimes.**

In addition, **the statements given by Jennifer Warsing to the District Attorney also indicate she was an unwilling participant who was coerced into participation under duress and in fear of her life.**

The coercion and fear was created by the conduct of Jerry Grant Frye, who is currently awaiting preliminary hearing for the above-stated crimes in the Amador County Justice Court, Case No. 85-639.

Jennifer Warsing is also a witness to relevant activity on the part of Jerry Grant Frye from the period of May 14th, 1985 to July 6, 1985.

Although **the District Attorney believes Jennifer Warsing was an unwilling participant and thus not an aider and abettor or accessory under the law, reasonable minds may differ when viewing the same factual situation.**

**Jennifer has cooperated with Amador County Sheriff and District Attorney in investigation of the robbery and killing of the Brandts.** She has said the statements she has made are truthful.

**Jennifer Warsing has further agreed to continue to cooperate** with the Amador County Sheriff and District Attorney, including testifying in court concerning this incident.

She has further stated that she will continue to be truthful in her statements.

Therefore, in consideration of Jennifer Warsing's promise to continue to fully cooperate with the Amador County Sheriff and District Attorney in the investigation of the death of Robert Brandt, Sr. and Lucille Brandt, to testify in court and to tell the truth, the Amador County District Attorney agrees that no charges will be filed against Jennifer Warsing concerning the killing of the Brandts; and the District Attorney will seek and obtain a grant of immunity for Jennifer Warsing concerning her testimony in the Frye case, if it becomes necessary upon a finding made by the Court that a grant of immunity is needed to protect Jennifer Warsing while testifying.

The grant of immunity and agreement not to prosecute will cover only the dates and activities mentioned herein. No immunity or promises exist with regard to any charges of perjury, false swearing, contempt or subornation of perjury arising under this agreement or to any crime or crimes not covered by this agreement.

The parties to this agreement have read the same, understand its terms and agree this agreement contains all the terms and provisions of the agreement between the parties.

Signed this 15th day of October 1985.

Signed, David S. Richmond, District Attorney; Jennifer Warsing; and Witness, Arthur R. Price, Chief Investigator for the D.A.'s office

### Legend

Underlining indicates text quoted by California Supreme Court

**Bold and highlighting** indicates text that in context contradicts the state court's findings