UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GRANT FRYE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-05470-YGR (PR)<br><br>**ORDER OF DISMISSAL; AND DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION** |

## I.  INTRODUCTION

Plaintiff Jerry Grant Frye, an inmate on death row at San Quentin State Prison, filed a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate.

Plaintiff's motion to proceed *in forma pauperis* has been granted. Dkt. 12. His request for appointment of counsel has been denied. *Id.*

Pursuant to 28 U.S.C. § 1915A, the Court reviewed the complaint, identified numerous deficiencies in it, and dismissed it with leave to amend. Dkt. 9. Plaintiff then filed an amended complaint, which is now before the Court for review.

Plaintiff has also filed a document entitled, "Response to the Court[']s Denial of Appointment of Counsel, and Renewal of the Request for Appointment of Counsel." Dkt. 16. In addition, he has filed a document entitled, "Re: Amended Claim Addition," in which he again requests appointment of counsel due to his "ignorance [of] the legal system and [his] lack of comprehension." Dkt. 19 at 1-2. The Court construes both aforementioned documents to be Plaintiff's motions for reconsideration of the Court's January 14, 2015 Order denying appointment of counsel.

## II.  DISCUSSION

### A.  Plaintiff's Motions for Reconsideration

Before the Court are Plaintiff's motion for reconsideration of the Court's January 14, 2015 Order denying appointment of counsel. Dkts. 16, 19.

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Here, Plaintiff presents no grounds that warrant reconsideration. As explained in the Court's Order denying appointment of counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.* Plaintiff has failed to make the requisite showing for reconsideration. Nor is the Court otherwise persuaded that exceptional circumstances are present that warrant the appointment of counsel. Accordingly, Plaintiff's motions for reconsideration are DENIED. Dkts. 16, 19.

**B.     Amended Complaint Fails to Correct Deficiencies and Plead a Cognizable Claim**

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

According to the state court's online database, Plaintiff's 1988 judgment of conviction has been affirmed on appeal. *See People v. Frye (Jerry Grant)*, Case No. S007198 (July 30, 1998); *People v. Frye*, 18 Cal. 4th 894 (1998), *cert. denied*, 526 U.S. 1023 (1999). The state court database also indicates that his two state habeas petitions have been denied. *See Frye (Jerry Grant) on H.C.*, Case No. S062455 (Oct. 14, 1998); *Frye (Jerry Grant) on H.C.*, Case No.S087755 (Jan. 24, 2001). Thus, it appears that all his subsequently-filed state actions are closed.[1] Plaintiff filed a federal habeas petition in the Eastern District of California (*Frye v. Warden of San Quentin State Prison*, E.D. Case No. 2:99-cv-00628-KJM-CKD), which is currently still pending.

As previously noted in its Order of Dismissal with Leave to Amend, *see* Dkt. 15 at 3 note 1, the Court again notes that Plaintiff's original complaint was substantially similar to several "form" complaints filed by death row inmates that have been frequently dismissed. *See Bolin v. State of California*, N. D. Cal. Case No. C 14-4087 PJH (dismissed for failure to state a claim and for *Younger* abstention and barred by *Heck*); *Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (dismissed for failure to state a claim and affirmed on appeal); *Duff v. Brown*, N. D.

---

[1] If there were any pending state actions related to his conviction, this Court would have to abstain from adjudicating, and then dismiss, this action. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

3

1  Cal. Case No. C 12-529 EMC (dismissed for failure to state a claim and for *Younger* abstention);
2  *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH (transferred to Eastern District of
3  California, which ultimately dismissed complaint under *Younger* and *Heck*, and for failure to state
4  a claim); *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS (dismissed for
5  failure to state a claim and pursuant to *Younger* and *Heck*); *Carlos Avena v. Brown*, C. D. Cal.
6  Case No. 12-cv-00485-UA-DUTY (denying *in forma pauperis* application because application
7  was incomplete and the judicial officers had immunity from the suit); *Spencer Brasure v. Brown*,
8  C. D. Cal. Case No. 12-CV-1027-UADUTY (denying *in forma pauperis* application because the
9  court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the
10 complaint sought monetary relief from a defendant immune from such relief).

As mentioned above, the Court dismissed Plaintiff's original 61-page complaint with leave to amend. Dkt. 15. However, Plaintiff's 29-page amended complaint fails to correct most of the deficiencies discussed in the Court's Order of Dismissal with Leave to Amend. Specifically, Plaintiff's amended complaint and the attached document entitled, "Exhibit A . . . Statement of the Case" fail to allege a short and plain statement of each claim for relief he wished to assert. Instead, these documents mainly complain about Petitioner's "unlawful conviction [which] was obtained by and through unqualified counsel, and prosecutor's criminal actions of violations of laws, before and during trial." Dkt. 17 at 15.[2]

First, to the extent that Plaintiff seeks relief from his conviction and sentence, this action must be dismissed because his petition for such relief is before the United States District Court for the Eastern District of California. *See Frye v. Warden of San Quentin State Prison*, E.D. Case No. 2:99-cv-00628-KJM-CKD. Allowing this section 1983 action to proceed would duplicate and complicate those appellate proceedings. Also, a petition for writ of habeas corpus is the appropriate method to challenge the validity or duration of incarceration, not a section 1983 action, which is the method to challenge the conditions of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

---
[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

Second, damages and injunctive relief are barred by Supreme Court precedent. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In its Order of Dismissal with Leave to Amend, the Court instructed Plaintiff "not [to] assert any section 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place." Dkt. 15 at 4. However, in the relief section of his amended complaint, Plaintiff requests "[a] preliminary and permanent injunction ordering the defendants, State of California, to acknowledge the violations of [his] constitutional civil rights, and release [him] from prison." Dkt. 17 at 12. Again, this form of relief is squarely barred by the *Heck* rule discussed above and in the Order of Dismissal with Leave to Amend. *See* Dkt. 15 at 3-4. Plaintiff has made no showing that his conviction meets the *Heck* standard, and a judgment in his favor in this action would necessarily imply the invalidity of his conviction or sentence. *See Heck*, 512 U.S. at 487. The *Heck* rule also bars consideration of any claim (such as the prosecutorial and judicial misconduct claims as well as ineffective assistance of attorney claims Plaintiff mentions, *see* Dkt. 17 at 4-11) that would call into question the validity of the conviction or sentence.

Further leave to amend will not be granted because the Court already has explained to Plaintiff the specific deficiencies in his pleading and he has been unable or unwilling to correct them.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court DENIES Plaintiff's motions for reconsideration of the Court's January 14, 2015 Order denying appointment of counsel. Dkts. 16, 19.

2. This action is DISMISSED without further leave to amend because the amended complaint fails to comply with the Court's order to correct the deficiencies that existed in the

1 original complaint.

2     3. The Clerk of the Court shall enter judgment, terminate any pending motions, and
3 close the file.

4     4. This Order terminates Docket Nos. 16 and 19.

IT IS SO ORDERED.

Dated: April 14, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge